IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 Bankruptcy |
| | : | |
| WILLIAM HARVEY GOODLING and | : | No. 1:21-bk-01819-HWV |
| KELLY JEAN GOODLING, | : | |
|     Debtors | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF REVENUE, | : | |
|     Movant | : | |
| | : | |
| WILLIAM HARVEY GOODLING and | : | |
| KELLY JEAN GOODLING, | : | |
|     Respondents | : | |
| | : | |

### OBJECTION OF THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE, TO CONFIRMATION OF THE DEBTORS' SECOND AMENDED CHAPTER 13 PLAN

AND NOW, comes the Commonwealth of Pennsylvania, Pennsylvania Department of Revenue, by its counsel, Pennsylvania Office of Attorney General, and files the within Objection to Debtors' Second Amended Chapter 13 Plan and respectfully represents the following:

### Parties

1. Movant is the Pennsylvania Department of Revenue, an Agency of the Commonwealth of Pennsylvania ("Commonwealth").

2. The Respondents are the within Debtors, William Harvey Goodling and Kelly Jean Goodling ("Debtors").

### Jurisdiction and Venue

3. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(b).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 151 and 157(b)(2)(L).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

**Background**

6. On February 25, 2019, the Debtors filed a voluntary Chapter 13 Bankruptcy docketed at 1:19-bk-00756-HWV ("2019 Bankruptcy").

7. In Debtors' 2019 Bankruptcy, the Debtors filed four (4) unconfirmable plans.

8. On April 9, 2020, the 2019 Bankruptcy was ultimately dismissed for failure to make payments.

9. On August 18, 2021, the Debtors filed the current voluntary Chapter 13 Bankruptcy and Schedules. ECF No. 1.

10. The Commonwealth asserts a secured claim in the amount of $54,114.14 ("Secured Tax Claim"). Proof of Claim No. 1.

11. On August 18, 2021, the Debtors filed a Chapter 13 Plan. ECF No. 10.

12. The Debtors' Chapter 13 Plan proposed to cram down or strip off the Commonwealth's Secured Tax Claim. ECF No. 10.

13. Consequently, the Commonwealth objected to the Debtors' Chapter 13 Plan. ECF. No. 25.

14. On December 14, 2021, the Debtors filed a First Amended Chapter 13 Plan. ECF No. 46.

15. On December 23, 2021, the Debtors filed a Second Amended Chapter 13 Plan. ECF No. 49.

16. The Debtors' Second Amended Chapter 13 Plan proposes to make no payment toward the Commonwealth's Secured Tax Claim. ECF No. 49 at § 2(D).

2

## Objection

### *The Debtors' Second Amended Chapter 13 Plan Fails to Provide for the Payment of the Commonwealth's Secured Tax Claim*

17. Although the Debtors' Second Amended Chapter 13 Plan proposes to retain the Commonwealth's liens after discharge, the plan fails to provide any payment on the Commonwealth's Secured Tax Claim. ECF No. 49 at § 2(D).

18. The Debtors' Second Amended Chapter 13 plan can only be confirmed if the plan satisfies one of the three requirements set forth in 11 U.S.C. § 1325. The requirements are as follows:

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder.

19. The Commonwealth does not accept its treatment in the Debtors' Second Amended Chapter 13 Plan. *See* 11 U.S.C. § 1325(a)(5)(A).

20. The Debtors' Second Amended Chapter 13 Plan does not propose to surrender property to the Commonwealth securing its claim. *See* 11 U.S.C. § 1325(a)(5)(C).

21. The Debtors' Second Amended Chapter 13 Plan does not provide for the Commonwealth to receive distributions with a value equal to the allowed amount of its claim as required by 11 U.S.C. § 1325(a)(5)(B)(ii).

22. A Chapter 13 plan cannot only provide for lien retention. The Debtors must also provide for the Commonwealth to receive distributions with a value equal to the allowed amount of its claim as required by 11 U.S.C. § 1325(a)(5)(B)(ii). *Gen. Motors Acceptance Corp. v.*

3

*Jones*, 999 F.2d 63, 66 (3d Cir. 1993); and *In re McCall*, 57 B.R. 642, 643 (Bankr. E.D. Pa. 1986).

23. The Debtors' Second Amended Chapter 13 Plan fails to meet 11 U.S.C. § 1325(a)(5)(B) because it does not provide for the Commonwealth to receive distributions with a value equal to the allowed amount of its claim.

24. Because the Debtors' Second Amended Chapter 13 Plan failed to satisfy any of the three requirements set forth in 11 U.S.C. § 1325(a)(5)(A-C), the plan cannot be confirmed under 11 U.S.C § 1325(a).

***The Debtors' Second Amended Chapter 13 Plan Does Not Provide for Interest on the Commonwealth's Secured Tax Claim***

25. The Debtors' Second Amended Chapter 13 Plan does not provide interest on the Commonwealth's Secured Tax Claim. ECF No. 49 at § 2(D).

26. Under 11 U.S.C. § 506(b), a secured creditor is entitled to interest on a secured claim when the value of the secured property is greater than the amount of the claim.

27. Under 11 U.S.C. § 1325(a)(5)(b)(ii), the holder of the allowed secured claim is entitled to "the value, as of the effective date of the plan."

28. The Third Circuit interpreted 11 U.S.C. § 1325(a)(5)(B)(ii) to require ordinarily the payment of interest on a creditor's allowed secured claim throughout the payment period under the plan. *See General Motors Acceptance Corporation v. Jones,* 999 F.2d 63, 65 (3d Cir.1993).

29. Accordingly, 11 U.S.C. § 1325(a)(5)(B)(ii) <u>requires</u> payment of post-confirmation interest. *See In re Soppick*, 516 B.R. 733, 753 (Bankr. E.D. Pa. 2014) (emphasis added).

30. The Commonwealth's Secured Tax Claim has an interest at the rate of 3%. *See* Commonwealth Interest Rate Calculation attached hereto as Exhibit "A."

4

31. The Debtors' Second Amended Chapter 13 Plan does not provide interest on the Commonwealth's Secured Tax Claim as mandated by 11 U.S.C. § 1325(a)(5)(B)(ii). ECF No. 49 at § 2(D).

32. Due to the Second Amended Chapter 13 Plan's failure to provide for interest on the Commonwealth's Secured Tax Claim, the plan cannot be confirmed under 11 U.S.C § 1325(a).

### *The Debtors' Second Amended Chapter 13 Plan is Unfeasible*

33. Under 11 U.S.C. § 1325(a)(6), in order to confirm the Chapter 13 Plan, the Debtors must "be able to make all payments under the plan and to comply with the plan." This is known as the feasibility requirement.

34. To satisfy this requirement, the Debtors' Chapter 13 Plan must have a "reasonable likelihood of success". *In re Soppick*, 516 B.R. 733, 748 (Bankr. E.D. Pa. 2014).

35. If the Debtors' Chapter 13 Plan is underfunded, it is not confirmable based on lack of feasibility. *See, e.g., In re Patton,* 388 B.R. 629, 636 (Bankr. E.D. Pa. 2008).

36. Debtors' Chapter 13 Plan proposes to make small monthly payments in the amount of $200.00. ECF No. 49 at § 1(A)(1).

37. After seven (7) months, plan payments would increase to $500.00. ECF No. 49 at § 1(A)(1).

38. After twelve (12) months, plan payments would increase to 1,886.00. ECF No. 49 at § 1(A)(1).

39. The total plan payments would amount to $84,726.00. ECF No. 49 at § 1(A)(1).

40. The Debtors' Second Amended Chapter 13 Plan states that pre-petition arrearages for the Creditor-Mortgagees to be cured totals $73,946.17. ECF No. 49 at § 1(A)(1).

41. The Chapter 13 Plan also provides for attorney's fees in the amount of $4,500.00. ECF No. 49 at § 3(A)(2).

42. As a result, $6,279.83 remains to fund the Trustee's fees and all other creditors.

43. The Debtors' Second Amended Chapter 13 Plan indicates that the Commonwealth does have a secured claim, but does not provide any payment to the Commonwealth. ECF No. 49 at § 2(D).

44. Pursuant to Debtors' Schedule J, Debtors' monthly net income amount to $1,179.77. ECF No. 10 at 30.

45. Because Debtors propose to make monthly payments in excess of their monthly net income, the plan cannot make all payments as required by 11 U.S.C. § 1325(a)(6) and is unfeasible.

46. Because the Debtors' Second Amended Chapter 13 Plan is unfeasible, the plan cannot be confirmed under 11 U.S.C § 1325(a).

*Reservation of Rights*

47. The Commonwealth does not consent to the treatment of its Secured Tax Claim as proposed by the Debtors in the Second Amended Chapter 13 Plan.

48. The Commonwealth hereby reserves the right to object to any other document filed with the Court after the filing of this Objection in accordance with the Bankruptcy Code.

WHEREFORE, for the reasons set forth above, Commonwealth of Pennsylvania, Department of Revenue, respectfully requests that this Honorable Court enter an Order denying confirmation of the Debtors' Second Amended Chapter 13 Plan; requiring the Debtors to file an amended plan within thirty (30) days; and further granting Commonwealth all such other relief as is proper and just.

6

<div style="display: flex;">

<div>
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-8106

jratica@attorneygeneral.gov


Date: January 18, 2022
</div>

<div>
Respectfully submitted,

JOSH SHAPIRO
Attorney General

By: */s/ Jenna Anne Ratica*
JENNA ANNE RATICA
Deputy Attorney General
PA Attorney ID 326424

JASON L. SWARTLEY
Chief Deputy Attorney General

Counsel for the Commonwealth of
Pennsylvania, Department of Revenue
</div>

</div>