## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | **CHAPTER 13** |
| **WILLIAM HARVEY GOODLING** | : | |
| **fdba William H. Goodling Construction** | : | **CASE NO. 1:21-bk-01819** |
| **KELLY JEAN GOODLING** | : | |
| Debtor | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **REVENUE,** | : | |
| Movant | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WILLIAM HARVEY GOODLING** | : | |
| **fdba William H. Goodling Construction** | : | |
| **KELLY JEAN GOODLING,** | : | |
| Respondent | | |

## ANSWER TO OBJECTION TO CONFIRMATION OF THE DEBTORS' SECOND AMENDED PLAN

### Parties

1. Admitted.

2. Admitted.

### Jurisdiction and Venue

3. Admitted.

4. Admitted.

5. Admitted.

### Background

6. Admitted.

7. Admitted that the Debtors filed four plans. Whether the plans were confirmable or not is a legal conclusion to which no response is required and this averment is therefore denied.

8. Admitted that the case was dismissed; however, the Debtors were represented by another attorney during that case and Debtors' current counsel is not aware of the circumstances of the dismissal.

9. Admitted.

10. Admitted that the Commonwealth has filed a claim in the amount of $54,114.14.

11. Admitted.

12. Admitted.

13. Admitted that the Commonwealth objected to the Debtors' plan. At the time, the Debtor's father, Robert Goodling, held a third mortgage against the Debtors' home which would have consumed the remainder of the equity in the Debtors' home that was left after the first and second mortgages. Movant's counsel requested a Rule 2004 examination as to Robert Goodling and presumably in an effort to avoid being involved in the Debtors' bankruptcy Robert Goodling filed a satisfaction of the mortgage which was recorded November 30, 2021.

14. Admitted that the Debtors filed a First Amended Plan upon learning that Robert Goodling had marked his mortgage satisfied.

15. Admitted that the Debtors filed a Second Amended Plan on December 23, 2021..

16. Admitted. The Debtors' plan provides that the claim of the Department of Revenue is "Not provided for in the plan. Lien will survive bankruptcy discharge unaffected."

<u>Objection</u>

17. Admitted that the plan does not provide for payment of the Commonwealth's lien. ("Not provided for in the plan. Lien will survive bankruptcy discharge unaffected.")

18. Movant's counsel has misread 11 U.S.C.§1325 and this averment is therefore denied. As

Movant's counsel summarizes that section, that section provides that the court shall confirm a

plan if—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C.§1325(a)(5) addresses the treatment of secured claims if the Debtor provides for

treatment in the Chapter 13 plan; however, that section does not require that a Debtor provide for

all secured claims. Indeed, section 1322(b)(2) authorizes a debtor to "leave unaffected the rights

of holders of any class of claims." As noted by several courts and treatise authors, nothing in §

1325(a)(5) of the Bankruptcy Code would require treatment of a secured creditor in a Chapter 13

plan:

> "It should be noted that a debtor need not provide for the allowed secured claim at all in a plan as there is nothing in § 1325(a)(5) of the Bankruptcy Code that requires that a fully secured creditor be dealt with in the plan, and § 1322(b)(2) provides that a plan may leave a creditor's claim unaffected." Hon. Joan N. Feeney et al, *Treatment of Secured Claims*, 2  Bankr. L. Man. § 13.39 (5th ed. updated June 2021)  In re Jones, 2021 WL 4465554 (Bankr.E.D.N.C. Sept 29, 2021)

The Bankruptcy Court for the Eastern District of Wisconsin also held that the Debtor was not

required to either pay for or surrender the collateral.   In In re Limon, the car creditor which held

a security interest in the Debtor's car objected to confirmation because the plan did not provide

for its allowed secured claim.

> This oft-filed objection is baseless. Section 1322(a) of the Bankruptcy Code describes three mandatory chapter 13 plan provisions, none of which expressly address secured claims. See 11 U.S.C.. § 1322(a). Section 1322(b) provides that a plan *may* "modify the rights of holders of" certain secured claims or "provide for the curing of any default ... and maintenance of payments ... on any ... secured claim." See § 1322(b)(2) & (5). And § 1325, which lists the requirements for confirmation of a chapter 13 plan, states that "with respect to each allowed secured claim provided for by the plan" the plan must comply with § 1325(a)(5).. 11 U.S.C. § 1325(a)(5). But no provision of the Bankruptcy Code requires that a chapter 13 plan provide for all allowed secured claims. See Order

Overruling Confirmation Objection, *In re Burris* , No. 15-31603, (Bankr. E.D. Wis. Dec. 22, 2015), ECF No. 19, available at https://www.wieb.uscourts.gov/opinions. In re Limon, 616 B.R. 380, 381 (Bankr. E.D. Wis. 2020)

The "divergent treatment of liens" in a chapter 13 as opposed to a chapter 11 case was discussed by the Court of Appeals for the Fourth Circuit in Regional Building Systems, wherein the court addressed the "different purposes" served by these chapters, and explained: First, as the bankruptcy court noted, "chapter 13 is generally a consumer bankruptcy chapter" because "relatively few chapter 13 debtors" operate a business. . . . Indeed, the bankruptcy code contains debt limitations on chapter 13 filings which necessarily limit the complexity of a Chapter 13 reorganization. See 11 U.S.C. § 109(e). Second, *a Chapter 13 debtor can choose not to deal with certain secured claims.* See id. §[§] 1325(a)(5), 1322(a). This is why under § 1327(c), unaddressed secured claims pass through a Chapter 13 reorganization unaffected even if the property subject to the claim is addressed by the plan. See Cen-Pen, 58 F.3d at 94. Third, Chapter 13 creditors do not vote on the debtor's plan. See In re Fillion, 181 F.3d 859, 862 (7th Cir. 1999) ("Creditors do not vote on a Chapter 13 plan."). In re Reg'l Bldg. Sys., Inc., 254 F.3d 528, 532 (4th Cir. 2001) (emphasis added) (internal citation omitted).

In re Jones, 2021 WL 4465554 (Bankr.E.D.N.C. Sept 29, 2021)

19. Admitted that the Commonwealth objected to the plan because its claim is not being treated in the plan; however, as explained above, the Debtors are not required to provide for treatment of this claim and it will pass through unaffected.

20. Admitted that the Debtors' Second Amended Chapter 13 Plan does not propose to surrender the property securing the Commonwealth's lien; however, as explained above, the Debtors are not required to provide for surrender of collateral.

21. Admitted that the Debtors' Second Amended Plan does not provide for the Commonwealth to receive distributions with a value equal to the allowed amount of its claim; however, as explained above, the Debtors are not required to provide for treatment of this claim.

22. Denied. When a secured claim is not "provided for," it passes through the bankruptcy unaffected.

23. Denied. The plan meets all of the requirements for confirmation and should be confirmed.

24. Denied that the Debtors' Second Amended Plan must meet one or any of the requirements of 11 U.S.C.§1325(a)(5)(A-C). The Plan meets all of the requirements for confirmation and should be confirmed.

25. Admitted that the Debtors' Second Amended Plan does not provide interest on the Commonwealth's Secured Tax Claim. The Plan does not treat this claim and the lien will pass through the bankruptcy unaffected, presumably with interest continuing to accrue.

26. This averment is a legal conclusion to which no response is required and is irrelevant to the Debtors' Second Amended Plan because the Debtors are not treating this claim in their plan.

27. This averment is a legal conclusion to which no response is required and is irrelevant to the Debtors' Second Amended Plan because the Debtors are not treating this claim in their plan.

28. Admitted that a Debtor's plan must generally provide for payment of interest on a creditor's secured claim; however, this averment is irrelevant to the Debtors' Second Amended Plan because the Debtors are not treating this claim in their plan.

29. Denied that 11 U.S.C.§1325(a)(5)(A-C) is applicable to the Debtors' Second Amended Plan because the Debtors are not treating this claim in their plan. If claimant is entitled to interest, it will continue to accrue.

30. Admitted that the Commonwealth lien currently accrues interest at the rate of 3%.

31. Admitted that Debtors' Second Amended Plan because the Debtors are not treating this claim in their plan. 11 U.S.C.§1325(a)(5)(B)(ii) does not require the Debtors to pay interest on the tax lien through their plan if the claim is not being treated in the plan. Interest on the debt will accrue outside the plan as permitted.

32. Denied that the Debtors' Second Amended Plan cannot be confirmed because the plan is not required to pay interest on the claim. The plan does not provide for the claim and does not modify the interest.

33. Admitted that the Debtors must be able to make the payments under their plan.

34. The Debtors have a reasonable likelihood of success in completing their plan because the Joint Debtor is a payroll accounting specialist employed by Boles Metzger Brosious & Walborn, PC and the Debtor is employed by eciConstruction, LLC at a rate of $25 per hour. The Debtors have provided paystubs to the Chapter 13 Trustee and will be filing amended schedules of income and expenses.

35. The Debtors' Second Amended Plan is feasible and this averment is therefore denied. The plan is not underfunded and is sufficiently funded to pay mortgage arrearages, attorney's fees and the Trustee's commission.

36. Admitted that the initial plan payments are $200 a month, which was a measure to ensure that the Debtor would find employment and be able to fund the plan. Notably, the Debtors have been paying $650 a month to the Trustee from the time the Debtor obtained employment in October, 2021 and have not taken advantage of a lower monthly payment except in the first month of the plan.

37. The Debtors' Second Amended Plan is a document that speaks for itself and is the best evidence of what it provides. As noted above, the Debtors have paid more than the required payment each month.

38. The Debtors' Second Amended Plan is a document that speaks for itself and is the best evidence of what it provides. As noted above, the Debtors have paid more than the required payment each month.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted. The Debtors' Second Amended Plan provides that the claim of the Department of Revenue is "Not provided for in the plan. Lien will survive bankruptcy discharge unaffected."

44. Admitted; however, the Debtors will be amending their schedules to reflect the Debtor's new employment and income.

45. The Debtors will be amending their schedules to reflect the Debtor's new employment and income and to demonstrate that the plan is feasible.

46. Denied that the plan is not feasible.

47. Admitted that the Commonwealth of Pennsylvania does not consent to its treatment (or lack of treatment) in the Debtors' Second Amended Plan; however, the Commonwealth's objection is baseless and should be overruled.

48. Admitted that the Commonwealth is attempting to reserve its rights; however, this averment is overly broad and may be unenforceable.

WHEREFORE, the Debtor respectfully requests that this Court overrule the objection to confirmation filed by the Movant and grant such other relief as this Court deems just.

Respectfully submitted,

/s/ Dorothy L. Mott

_____
Dorothy L. Mott, Esquire
Mott & Gendron Law
Attorney ID # 43568
125 State Street
Harrisburg, PA 17101
(717) 232–6650 TEL
(717) 232-0477 FAX
doriemott@aol.com